# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

DAVID C. MARTIN,

*Plaintiff,*

v.

NAES CORPORATION

*Defendant.*

CASE NO. 6:12-cv-00058

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Plaintiff David C. Martin ("Plaintiff") originally filed this action in Campbell County Circuit Court, alleging discrimination under the Age Discrimination in Employment Act ("ADEA") and breach of contract. Defendant NAES Corporation ("NAES") timely removed on the basis of federal question and diversity jurisdiction. NAES has filed a motion to dismiss or in the alternative for summary judgment. For the following reasons I will grant NAES's motion in part and deny it in part.

## I. BACKGROUND

NAES is an energy company that contracted with Dominion Power to provide services at a power station located in Altavista, Virginia ("Altavista Power Station"), where Plaintiff worked as a technician. In the summer of 2010, NAES notified Altavista Power Station employees that it planned to close the plant, and that it would therefore lay off most of the plant's employees and provide them with severance packages. As the plant's closing date approached, NAES asked Plaintiff to work at the Gordonsville Power Station (also operated by NAES) beginning on November 15, 2010, for a period of two weeks. Plaintiff alleges that he agreed to work at the

Gordonsville station for the two-week period on the condition that he would still receive the severance package offered to him in connection with the closing of the Altavista Power Station. According to Plaintiff, he received such assurance in writing. In an email originally sent by Addison Daniel and forwarded to Plaintiff, Daniel estimated that the Altavista employees would need to work at the Gordonsville plant until December 16, and added, "[w]hen the person(s) completes his assignment at Gordonsville, he will be laid off with the same severance package as if he had been laid off on November 19, the current lay-off date." Plaintiff states that his work at the Gordonsville Power Station was extended from two to five and one-half weeks, allegedly against his wishes, and he was not released from that job until December 22, 2010.

Meanwhile, on December 15, 2010, NAES presented plaintiff with a written notice that his employment at the Altavista Power Station would be terminated as of December 26, 2010. The notice stated that NAES would provide Plaintiff with severance pay equal to one week of pay for each year Plaintiff had worked at the Altavista Power Station, or $25,706.85. The notice stated that Plaintiff had 21 days to consider the offer. Plaintiff alleges that he accepted the severance package in writing within 13 days after it was offered, and that the offer was not revoked prior to his acceptance. Upon termination of his employment, Plaintiff received his final paycheck, which included payment for unused accrued FlexLeave, as promised in Defendant's outline of employee benefits following separation. NAES refuses to pay Plaintiff the $25,706.85 he claims he is owed under the terms of the severance agreement. Plaintiff seeks to recover this amount as well as $100,000 in damages for emotional distress and $100,000 in punitive damages.

Plaintiff also alleges a number of facts supporting his claim that NAES discriminated against him on the basis of age in violation of the ADEA. After leaving the Gordonsville Power

- 2 -

Station in December 2010, Plaintiff began working in his current position at the Pittsylvania

Power Station.  Plaintiff, who is over 40 years of age, alleges that his pay at his new job is less

than he made in his old job, and that he has received raises lower than those received by younger

employees.  Plaintiff admits, however, that he never filed an age discrimination claim with the

Equal Employment Opportunity Commission ("EEOC"), which is a pre-requisite to bringing an

age discrimination suit in this Court.

## II. LEGAL STANDARD

NAES has filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, for

summary judgment.  At a hearing on this motion, Plaintiff presented relevant affidavits and

proffers of testimony to respond to affidavits and documents accompanying the briefs filed by

NAES.  Since the parties have presented matters outside the pleadings, I will treat the motion as

one for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56.").

A court should only grant summary judgment when the "movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party

seeking summary judgment bears the initial burden of showing the absence of a genuine issue of

material fact.  *Celotex*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to show

that such an issue does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586–87 (1986).  For a party's evidence to raise a genuine issue of material fact sufficient to avoid

summary judgment, it must be "such that a reasonable jury could return a verdict for the

nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In making this

determination, a "court is required to view the facts and draw reasonable inferences in a light

most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

"The evidence of the nonmovant is to be believed," *Anderson*, 477 U.S. at 255, and its "version

of any disputed issue of fact . . . is presumed correct." *Eastman Kodak Co. v. Image Technical

Servs., Inc.*, 504 U.S. 451, 456 (1992).

### III. DISCUSSION

### A. The ADEA Claim

The ADEA provides that "[n]o civil action may be commenced by an individual under

this section until 60 days after a charge alleging unlawful discrimination has been filed with the

[EEOC]." 29 U.S.C. § 626(d)(1). "Before a plaintiff may file suit under Title VII or the ADEA,

he is required to file a charge of discrimination with the EEOC." *Jones v. Calvert Group, Ltd.*,

551 F.3d 297, 300 (4th Cir. 2009). Failure to file a charge with the EEOC deprives a federal

court of subject matter jurisdiction over the claim. *Id.* at 300–01. Since Plaintiff admits that he

never filed a charge with the EEOC, this Court lacks jurisdiction to hear his age discrimination

claim, and it must be dismissed. Although Plaintiff asks that any dismissal of the ADEA claim

be without prejudice, I find that if Plaintiff were to file a charge with the EEOC at this point, it

would be untimely under the ADEA since the latest allegations of discrimination took place in

January 2012, and the statutory deadlines for filing a charge have expired. *See* 29 U.S.C. §

626(d)(1).

Plaintiff has also requested that the remainder of the case be remanded to state court if the

ADEA claim is dismissed. However, as NAES stated in its Notice of Removal, this Court has

diversity jurisdiction over the action because Plaintiff is a Virginia resident, and NAES is a

corporation organized under the laws of the state of Washington, where it also maintains its

- 4 -

principal place of business.  In addition, the amount in controversy as it appeared on the face of

the complaint exceeded $75,000.  Even if the dismissal of the ADEA claim lowered the amount

in controversy below that threshold, "the existence or nonexistence of the amount in controversy

required for subject matter jurisdiction purposes is determined on the basis of the facts and

circumstances as of the time that an action . . . arrives [in federal court] from a state court by way

of removal."  14AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3702.4 (4th ed.

2011).  Subsequent events cannot destroy subject matter jurisdiction once it has been acquired by

removal.  *Id.*  Thus, because the parties are completely diverse and the amount in controversy

exceeded $75,000 at the time of removal, I find that this Court has diversity jurisdiction over this

matter.  I therefore deny Plaintiff's request to remand this case to state court.

### B.  The Breach of Contract Claim

Plaintiff has also alleged that NAES breached the terms of a severance agreement

intended to compensate him for being laid off at the Altavista Power Station.  Under Virginia

law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a

defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury

or damage to the plaintiff caused by the breach of obligation."  *Sunrise Continuing Care, LLC v.

Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va.

2004)).  NAES argues that Plaintiff cannot satisfy the first element because the company revoked

its original offer before Plaintiff accepted, and there was no meeting of minds between the

parties.  In general, an offer may be revoked any time before it is accepted.  *See Chang v. First

Colonial Savings Bank*, 410 S.E.2d 928, 931 (Va. 1991); *Crews v. Sullivan*, 113 S.E. 865, 867

(Va. 1922).  Furthermore, "mutuality of assent—the meeting of the minds of the parties—is an

essential element of all contracts."  *Phillips v. Mazyck*, 643 S.E.2d 172, 175 (Va. 2007) (quoting

*Lacey v. Cardwell*, 217 S.E.2d 835, 843 (Va. 1975)). "Until the parties have a distinct intention common to both and without doubt or difference, there is a lack of mutual assent and, therefore, no contract." *Id.* (quoting *Persinger & Co. v. Larrowe*, 477 S.E.2d 506, 509 (Va. 1996)). Virginia courts "ascertain whether a party assented to the terms of a contract from that party's words or acts, not from his or her unexpressed state of mind." *Id.*

Alternatively, NAES argues that even if a valid contract did exist, a condition precedent was not met: namely, that Plaintiff's employment was never terminated. Under Virginia law, "[a] condition precedent [may call] for the performance of some act, or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect." *Herrera ex rel. Varela v. Martin*, 642 S.E.2d 309, 312 (Va. Ct. App. 2007) (quoting *Morotock Ins. Co. v. Fostoria Novelty Glass Co.*, 26 S.E. 850, 851 (Va. 1897)). "In other words, absent the fulfillment of the conditions precedent, a contract does not exist." *Id.* (citing *Smith v. McGregor*, 376 S.E.2d 60 (Va. 1989)). NAES contends that there was no break in Plaintiff's employment with the company; thus, he is not entitled to severance pay.

I find that at this stage of the proceedings, there are genuine issues as to material facts such that entry of summary judgment would be premature. The parties agree that NAES made a written severance offer in a letter dated December 15, 2010, which informed Plaintiff that his employment with NAES would terminate on December 26, 2010, and gave him 21 days to consider the offer. The parties also agree that Plaintiff signed the agreement on December 28, 2010, well within the 21-day period provided for in the letter. They disagree, however, as to whether NAES validly revoked its offer before Plaintiff accepted it, and present two very different factual accounts of the timeline and circumstances surrounding the end of Plaintiff's tenure at Altavista and Gordonsville. These different accounts are material both to whether an

- 6 -

enforceable agreement existed and to whether Plaintiff's termination was terminated or simply transferred.

While NAES suggests that the documents and affidavits it has submitted conclusively demonstrate there was no enforceable agreement, at a hearing on this motion Plaintiff submitted proffers from two NAES employees and an affidavit from a third that undermine both NAES's factual account and its legal conclusions. The employees' submissions to the court raise questions about what NAES promised Plaintiff and when, and they support Plaintiff's version of events. Discovery may well provide a clearer picture of what happened so that summary judgment may be appropriate in the future; at this point, however, I cannot find that the undisputed facts show that there was no enforceable agreement. Thus, entry of judgment as a matter of law in favor of NAES is not appropriate.

As for NAES's argument that a condition precedent—Plaintiff's termination—was not satisfied, again I find that there are material facts in dispute that preclude entry of summary judgment. The express terms of the severance agreement letter state that Plaintiff's last day of employment with NAES was December 26, 2010. Both parties agree that the last day Plaintiff actually worked in Gordonsville was December 22, 2010, and that he was paid out for his unused FlexLeave. Drawing reasonable inferences in favor of the Plaintiff, I find that a reasonable jury could conclude that the condition precedent was satisfied. Although NAES argues that Plaintiff was transferred, not terminated, the transfer letter is dated December 27, 2010, which is a day after the termination date explicitly provided for in Plaintiff's severance letter. Again, discovery may generate conclusive evidence that Plaintiff was indeed transferred and not terminated, but the current record does not support the entry of summary judgment, and I will therefore deny NAES's motion.

## IV. Conclusion

For the foregoing reasons, I will grant NAES's motion to dismiss Plaintiff's complaint for age discrimination under the ADEA, but I will deny NAES's motion with respect to the breach of contract claim. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this   14th   day of February, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE